Attachment A

# IN THE UNITED STATES DISCTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

Tony Lovelle Trumbo Jr.
#15421-033
P.O. Box 600
Glenville, WV 26351,

(Full name under which you were convicted, prison number, place of confinement, and full mailing address)

          Petitioner,

vs.

R. Brown,

(Name of Warden or other authorized person where you are incarcerated)

          Respondent.

FILED

OCT 27 2023

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

**Petition for Habeas Corpus**
**Pursuant to 28 U.S.C. § 2241**

Civil Action No. 3:23-cv-225
(to be assigned by Clerk)

---

**Important notes to read before completing this form:**

★    Please read the entire petition **before** filling it out. Answer **only** those questions which pertain to your claim(s).

---

1.    This petition concerns (check the appropriate box):

      ☑    a conviction
      ☑    a sentence
      ☐    jail or prison conditions
      ☐    prison disciplinary proceedings
      ☐    a parole problem
      ☐    other, state briefly: _____

Attachment A

_____
_____
_____

2.  Are you represented by counsel?   ☐ Yes   ☑ No

    If you answered yes, list your counsel's name and address: _____
    _____
    _____

3.  List the name and location of the court which imposed your sentence:
    Western District of Kentucky (Louisville)
    _____

4.  List the case number, if known: 3:13-cr-00170-JHM-2

5.  List the nature of the offense for which the sentence was imposed:
    _____
    _____
    _____

6.  List the date each sentence was imposed and the terms of the sentence:
    7/06/2015 I was sentenced to 255 months
    _____
    _____

7.  What was your plea to each count? (Check one)

    ☑  Guilty
    ☐  Not Guilty
    ☐  Nolo Contendere

Attachment A

8. If you were found guilty after a plea of not guilty, how was that finding made?

☐ A jury
☐ A Judge without a jury
☐ A Magistrate Judge without a jury

9. Did you appeal from the judgment of conviction or imposition of the sentence?

☒ Yes ☐ No

10. If you did appeal, give the following information for each appeal:

A. Name of Court: Western District of Kentucky (Louisville)
B. Result: denied my 2255
C. Date of Result: 5/04/2017
D. Grounds raised (List each one): Trumbo argue two grounds for relief: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced his defense.

Note: if you filed an appeal in more than one court, attach an additional sheet of paper of the same size and give all of the information requested in Question 10, A through D.

11. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? This is called a post-conviction pleading.

☐ Yes ☐ No

If your answer was yes, complete the following sections:

A. First post-conviction proceeding:
   1. Name of Court: United States District Court For The Southern District Court of Illinois

Attachment A

2. Nature of Proceeding: 2241 Habeas Corpus
3. Grounds Raised: See attachment (2241 Habeas Corpus)
4. Did you receive an evidentiary hearing? ☐ Yes ☑ No
5. Result: denied
6. Date of Result: 6/22/20

B. Second post-conviction proceeding:
1. Name of Court: United States District Court Western District of Kentucky Louisville Division
2. Nature of Proceeding: Compassionate Release
3. Grounds Raised: Extraordinary And Compelling Reasons
4. Did you receive an evidentiary hearing? ☐ Yes ☑ No
5. Result: denied
6. Date of Result: 10-18-22

C. Did you appeal to the result of the post conviction proceeding(s) to the highest court having jurisdiction?
1. First proceeding: ☐ Yes ☑ No   Result: _____
2. Second proceeding: ☑ Yes ☑ No/  Result: ~~illegible~~

D. If you did not appeal the adverse result of the post-conviction proceeding(s), explain briefly why not: The first 2241 they said I had to file within my district where I was confined and more so overall I felt that pure logic dictates I'm eligible for relief on all motions.

12. For your information, the following is a list of the most frequently raised grounds for relief in applications for habeas corpus pursuant to 28 U.S.C. §2241. You may raise any grounds which you may have other than those listed. However, in this application, you should raise all available grounds on which you base your petition. **Do not check** any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. **The petition will be returned to you if you merely check one or more of the grounds:**

A. U.S. Parole Commission unlawfully revoked my parole.
B. Federal Bureau of Prisons unlawfully computed my sentence.

**Attachment A**

C. Federal Bureau of Prisons unlawfully denied me credit for time served in state or federal prison.
D. Federal Bureau of Prisons or State prison system unlawfully revoked my good time credits.
E. There is an unlawful detainer lodged against me.
F. I am a citizen and resident of a foreign country and I am in custody for an act which I had a right to commit under the laws of my country.
G. The act for which I was convicted is no longer considered to be a crime, and I cannot raise this issue in a §2254 petition or a §2255 motion.

**CAUTION: if you fail to set forth all of the grounds in this petition at this time, you may be barred from presenting additional grounds at a later date.**

State clearly every ground on which you are seeking relief. Summarize briefly the facts supporting each ground. If necessary, attach a total of five (5) typed or ten (10) neatly printed pages maximum for all grounds and all attachments.

A. Ground one:
No matter what the Guidelines recommend, a Judge cannot sentence an offender to a sentence above or below the penalty range specified in the federal statue criminalizing the offense at issue. U.S. Sentencing Guidelines Manual §5G1.1(b). Also prior sentences imposed in unrelated cases are to be counted seperately, while prior sentences imposed in related cases are to be treated as one sentence. U.S. Sentencing Guideline Manual §4A1.a

Supporting facts: tell your story briefly without citing cases or law. You are cautioned that you must state facts, not conclusion, in support of your grounds. A "rule of thumb" to follow is this: who did exactly what to violate your rights at what time and place).

on 7/6/2015 The department of Justice went way and beyond my guideline range, I got sentence to 255 months but my guideline range was nothing and only but 63 to 78 months. This was done by and before Judge Joseph H. McKinley Jr, Acting United States Attorney John E. Kuhn Jr, Assistant U.S. Attorney A. Spencer McKiness, Counsel for defendant Laura W. Rosdick.

B. Ground two:

**Attachment A**

Trumbo's 924(c) conviction must be vacated for resentencing because the underlying instant offense of "robbery" no longer categorically qualifies as a crime of violence and yall gave me or should I say stacked the 924(c) which gave me 10 years which seems like double jeopardy

Supporting facts:
① I never had no gun and their was never no evidence of a gun of me having one personally. ② In light of United States v. Davis conviction must be vacated see Davis, 139 S. Ct. 2319, 2336 (2019) and I filed a 2241 in 2014, so I don't want to hear nothing about being too late. ③ Also I'm eligible for relief see Jarvis, 999 F.3d at 445. And retroactive or not, nonretroactive changes are clearly "relevant and probative information, see Concepcion, 142 S. Ct. at 2403.

C. Ground three:
Trumbo's sentence also must be vacated without the career offender enhancement.

Supporting facts:
• Relevant Law: ① the defendant has at least 2 prior felony convictions of either a crime of violence or a controlled substance offense. ② Trumbo never had 2 prior felony convictions leading up to the time of his arrest or sentencing and never been to prison except besides now, so the defendant don't fit the criteria to be indicted let alone convicted for career offender enhancement Period.

D. Ground four:
① Trumbo was wrongfully convicted and sentence to 255 months, even with my guideline range only being 63 to 78 months and with the bogus vague 16 year enhancement at the most including the high end of my guideline range that only come up to 198 months, so where did the extra 50 plus months come from. ② Ineffective assistance counsel ③ Counsel's performance was deficient, ④ deficient performance prejudiced his defense

**Attachment A**

Supporting facts: (1) Even with high end of guideline range and vague starting 16 year sentence, the sentence still shouldn't add up to 355 months. (2) Wrongfully convicted and oversentenced and if it wasn't for the counsel's unprofessional errors, the result of the proceeding would have been different because I'm being imprisoned for non-existent offenses. (3) I AM Eligible for relief see Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), also see United States v. Montgomery, 998 F. 3d 693, 697, 700, also Hewitt-El v. Burgess, 53 F.4th 969, 971-82, also Maxwell, 991 F.3d at 689-90.

13. Were all of the above grounds presented to another court, state or federal? If not, state which grounds were not presented. If yes, state the name of the court, date of decision, and the nature of the outcome:

_____
_____
_____
_____
_____

14. If this petition concerns prison disciplinary proceedings, a parole problem, computation of sentence, or other case under 28 U.S.C. § 2241, answer the following questions:

   A. Did you present the facts in relation to your present petition in the prison's internal grievance procedure?

   ☐ Yes    ☒ No

   1. If your answer to "A" above was yes, what was the result:

   _____
   _____
   _____
   _____
   _____

**Ground Five**: My Co-defendant Jescell Whittle with the leadership role just recieved a sentence reduction with way worst charges, convictions, and record than me while applying the same cases and laws I've been applying and insert withing my previous motions/petitions in which is clearly relevant in the supreme Court including my 2244 in which I have not recieved a final ruling yet. And my Co-defendant Jescell Whittle only recieved a concurrent terms of 60 months for a 924(c) conviction in which I recieved a 120 month sentence for the same 924(c) conviction I recieved though I never had a gun or was seen or caught with a gun and evidence clearly states that.

**Supporting Facts:** The government has filed a motion to remand with which Whittle agrees in part. Whittle also moves to lift a stay of this appeal, for summary reversal and for the appointment of counsel. This case has been referred to a panel of the Court that, upon examination, unanimously agrees that oral argument is not needed. See Fed. R. App. P. 34(a).

Also see United States v. Whittle, 713 F.App'x 457 (6th Cir. 2017) Court granted Whittle a certificate of appealability as to the district court's denial of his motion to amend his §2255 motion to add a Davis claim. The Court then granted Whittle's motion to hold the case in abeyance pending a ruling in United States v. Taylor, in which the supreme Court granted certiorari on whether attempted Hobbs Act robbery is a crime of violence after Davis. Whittle v. United States, no.31-5075 (6th Cir. Sept.15,2021). The Supreme Court has since held that attempted Hobbs Act Robbery is not a crime of violence under §924(c)(3)(a). United States v. Taylor, 142 S.Ct. 2015, 213 L.Ed.2d 349 (2022) and the supreme Court out rules and trumps everybody if I aint mistaking. Also see United States v. Moody, 206 F.3d 609, 615 (6th Cir. 2000).

After the courts lifted the stay, the government moved to remand, conceding that, in light of Taylor, "Whittle's conviction (2022 U.S. App. Lexis 3) on Count 4 can no longer stand." It also acknowledged that vacating Count 4 will affect Whittle's sentence on Count 10 because, without Count 4, Count 10 will be Whittle's first §924(c) conviction. As a result, the government asks us to remand with instructions for the district court to vacate Whittle's conviction and sentence for Count 10. Also see United States v. Richardson, 948 F.3d 733,742 (6th Cir. 2020). Also see Edmond v. United States, no 90-1434.

**Attachment A**

2. If your answer to "A" above was no, explain:
   _____
   _____
   _____

B. If you are a federal prisoner, did you present your claim to the Bureau of Prisons or other federal agency for administrative action?

   ☐ Yes     ☑ No

1. If your answer to "B" above was yes, what was the result:
   _____
   _____
   _____

2. If your answer to "B" above was no, explain:
   (1) I felt like I would be discriminated again,
   (2) and for the final time I felt like or should I
   say pure logic dictates I'm eligible for relief in
   the Supreme Court and District Court

15. Relief: State here, as briefly as possible, exactly what you want the court to do for you:

   1. Make **no** legal arguments.
   2. Cite **no** cases or statutes.

   Immediate Release and Maximum Compensation, if not that just then take away the 924(c) consecutive sentence and resentence me to 135 months like I asked for in my first 2241. But at the end of day resentencing or immediate release period.
   _____
   _____
   _____

Attachment A

16. If a previous motion to vacate or modify a prisoner's sentence, pursuant to Section 2255, was not filed, or if such a motion was filed and denied, the reasons why Petitioner's remedy by way of Section 2255 is inadequate or ineffective to test the legality of the detention.

See attachment

Signed this __18__ day of __10__, __2023__.
      (day)           (month)        (year)

_____
Your Signature

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state), under penalty of perjury, that the foregoing is true and correct.

Date of Signature: __10-18-23__      _____
                                                                    Your Signature

Attachment D

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

Tony Lavelle Trumbo Jr.
_____

*Your full name*

v.                                   Civil Action No.: 3:23-cv-225

_____
_____
_____

*Enter above the full name of respondent in this action*

## Certificate of Service

I, Tory Trumbo Jr. (your name here), appearing *pro se*, hereby certify that I have served the foregoing Petition for a Writ of Habeas Corpus (title of document being sent) upon the respondent by depositing true copies of the same in the United States mail, postage prepaid, upon the following counsel of record for the respondent on 10-18-2023 (insert date here):

(List name and address of counsel for respondent)

Tory Trumbo Jr.
_____
(sign your name)