# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**TONY LAVELLE TRUMBO, JR.,**

    Petitioner,

**v.**                      **CIVIL ACTION NO.: 3:23-CV-225 (GROH)**

**R. BROWN,**

    Respondent.

## ORDER DISMISSING PETITION

Pending before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking to challenge the Petitioner's conviction and sentence[1] which was imposed in the Western District of Kentucky in case number 3:13-CR-170.

A case must be dismissed if a petitioner does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (applying the Twombly standard and emphasizing the necessity of *plausibility*). Further, in proceedings where the prisoner appears *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which

---

[1] The Petitioner was found guilty on April 13, 2015, of Counts 3, 7, 9, and 10 of the superseding indictment which charged him with three counts of aiding and abetting robbery, and one count of aiding and abetting, using, carrying, brandishing, and discharging a firearm during, and in relation to a crime of violence. W.D. Ky., 3:13-CR-170, ECF Nos. 71, 97, 104, 111, 255. He was sentenced to an aggregate term of 255 months of imprisonment, comprised of 135 months each on Counts 3, 7, and 9, to be served concurrently with one another, and 120 months on Count 10, which was to be served consecutively to the terms imposed on Counts 3, 7, and 9, on July 6, 2015, but the judgment was not entered until July 8, 2015. W.D. Ky., 3:13-CR-170, ECF Nos. 132, 248.

relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii).

Prisoners seeking to challenge the validity of their convictions or sentences are required to proceed under 28 U.S.C. § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus pursuant to § 2241 is generally intended to address the execution of a sentence and should be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015).

Although § 2255 expressly prohibits a prisoner from challenging their conviction or the imposition of their sentence through a § 2241 petition, there is nonetheless a "saving clause" that permits an otherwise prohibited challenge under § 2241 if they show § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 due to (1) a limitation bar, (2) the prohibition against successive petitions, or (3) a procedural bar from failure to raise the issue on direct appeal. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective," and the standard is an exacting one. The Supreme Court held in Jones v. Hendrix, 599 U.S. 465, 143 S. Ct. 1857 (2023), that a petitioner cannot use a § 2241 petition to mount a successive collateral attack on the validity of a federal sentence. See also Hall v. Hudgins, 2023 WL 436358, (4th Cir. 2023).

The Supreme Court's decision in Hendrix invalidates the tests previously established by the Fourth Circuit for a petitioner to challenge the legality of their conviction or sentence. See In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000) and United States v.

Wheeler, 886 F.3d 415, 428 (4th Cir. 2018). Because the requirements of the saving clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) saving clause must strictly meet the statutory test for this Court to have subject matter jurisdiction. Absent subject matter jurisdiction, there is nothing left for the Court to do but dismiss a case.

Here, the Petitioner alleges that he is entitled to relief[2] because: (1) his sentence was above the United States Sentencing Guidelines ("Guidelines") range, in excess of the maximum range for his offenses [ECF No. 1 at 5]; (2) his conviction for robbery must be vacated because the offense of robbery no longer qualifies as a crime of violence [Id. at 6]; (3) his "stacked" sentence constitutes double jeopardy [Id.]; (4) there was insufficient evidence of the Petitioner possessing a firearm to support his conviction [Id.]; (5) his sentence was improperly enhanced as a career offender [Id.]; (6) he was "wrongfully convicted and sentence[d] to 255 months" which exceeded his Guideline range of 63 to 78 months [Id. at 6–7]; (7) he received ineffective assistance of counsel [Id.]; and (8) his sentence was disproportionate compared with the sentence of his co-defendant [Id. at 8] As relief, the Petitioner requests that the Court immediately release him, provide him "maximum compensation",[3] or in the alternative, vacate his § 924(c) sentence, and resentence him to 135 months. Id. at 9.

The Petitioner does not rely on newly discovered evidence or a new rule of constitutional law. Thus, relief under 28 U.S.C. § 2255(h) is inappropriate. For the Petitioner to obtain relief under § 2241, he must rely on the narrowly tailored application of § 2255(e). The Petitioner cannot meet this limited exception.

---

[2] The Petitioner articulates his claims under five grounds, but a review of the content shows that he asserts additional claims for relief. ECF No. 1 at 5–8.

[3] Monetary compensation is not available relief in a petition for habeas corpus.

Because the Petitioner cannot satisfy § 2255(e), his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his Petition. When subject matter jurisdiction does not exist, "the only function remaining to the [C]ourt is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998) (quoting Ex Parte McCardle, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

This Court lacks subject matter jurisdiction. Therefore, the Petitioner's § 2241 Petition is **DENIED AND DISMISSED WITHOUT PREJUDICE.** ECF No. 1.

The Clerk of Court is **DIRECTED** to remove this case from the Court's active docket. The Clerk is further **DIRECTED** to forward a copy of this Order to any counsel of record and to send a copy to the *pro se* Petitioner, by certified mail, return receipt requested, at his last known address.

**DATED**: December 14, 2023

GINA M. GROH
UNITED STATES DISTRICT JUDGE

4